Filed 9/13/21  P. v. Jackson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B311740 |
| | (Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. BA117942) |
| v. | |
| FRED J. JACKSON, | |
| Defendant and Appellant. | |

THE COURT:

Fred Jackson appeals an order denying his petition for resentencing.  (Pen. Code, §§ 1170, 1170.95.)[1]  He was convicted by jury in 1997 of two counts of attempted first degree murder

---

[1] Undesignated statutory references are to the Penal Code.

and two counts of robbery, with findings that he used a deadly weapon to commit the offenses and inflicted great bodily injury on the victims. (§§ 664/187, 211, 12022, subd. (b), 12022.7, subd. (a).) The jury found he had four prior felony "strike" convictions and two prior serious felony convictions. (§ 667.) He was sentenced to a prison term of 126 years to life.

This court affirmed the judgment in *People v. Jackson* (Aug. 25, 1998, B110981) [nonpub. opn.]. As described in our opinion, Jackson was seen wandering around in a high-rise on July 6, 1995, where a witness recognized him from a recent interview. Jackson entered an office suite. There, a worker confronted him when she saw him removing money from her purse. He grabbed her and held a weapon to her back. He forced the victim and her colleague to lay on the floor and tied their hands. He removed a bracelet from the second victim and rifled through her purse. Jackson slashed both women's necks and stabbed them multiple times in the back. (*People v. Jackson, supra,* B110981.)

The victims would have died from their wounds had another worker not found them and called for help. One of the victims identified Jackson in a photographic lineup, as did other people who encountered Jackson in the building shortly before the attack. The person who interviewed Jackson gave police the home address he had provided; he was arrested there the next day. Bloodstains on Jackson's clothing and shoes contained DNA from one of the victims. The knife used in the crime was recovered from his kitchen. The victims identified Jackson as their assailant at trial. He denied the charges but admitted a 1982 voluntary manslaughter conviction and four 1987 robbery convictions. (*People v. Jackson, supra,* B110981.)

In 2021, Jackson petitioned for resentencing. He argued that the evidence did not support his convictions and faulted his attorney's failure to argue that an energy supplement he used before the crimes caused his behavior. He expressed remorse for the harm he caused. He contended that the jury should have been instructed on a "natural and probable consequences" theory. He believes that the 26 years he has served "seems adequate," given his age and education he has obtained while incarcerated.

The court denied Jackson's petition. It found he does not qualify for resentencing as a matter of law. The legislation he cites does not apply to him.

Jackson appealed the denial of his petition. (§ 1237, subd. (b).) We appointed counsel to represent Jackson in his appeal. After examining the record, counsel filed an opening brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.) We advised Jackson that he could personally submit any contentions or issues that he wished to raise on appeal. He did not submit a supplemental brief.

At the outset, we note that Jackson's evidentiary arguments had to be made on direct appeal; it is too late to say the evidence is insufficient to support the jury's verdict. Resentencing is authorized for "[a] person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) "By its plain language, section 1170.95 thus makes resentencing relief available only to qualifying persons convicted of murder." (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 918.) Jackson was not convicted of murder. The statute does not apply to his attempted murder convictions. (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 222–225; *People v. Harris* (2021) 60 Cal.App.5th 557, 566, review

3

granted Apr. 21, 2021, S267529; *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948.)

Jackson cited the "natural and probable consequences" theory of accomplice liability. It applies to a person who aids or abets a target offense and is found guilty of a nontarget offense that was a natural and probable consequence of the crime the accomplice aided and abetted. (*People v. Gentile* (2020) 10 Cal.5th 830, 843–844.) Accomplice liability theories do not apply to Jackson, who was the sole perpetrator of the crimes. The jury found he had the requisite murderous intent. (*People v. Smith* (2005) 37 Cal.4th 733, 739 [a person must intend to kill to be convicted of attempted murder].)

Jackson cited section 1170, which allows the court to recall a sentence "within 120 days of the date of commitment" or on the recommendation of the parole board or district attorney. (§ 1170, subd. (d)(1).) The court lacked jurisdiction to recall Jackson's sentence on its own motion. No authorized agency recommended sentence recall. Section 1170 does not assist Jackson.

Jackson sought relief under two recent laws, Assembly Bill No. 2542 (California Racial Justice Act of 2020) and Assembly Bill No. 3234 (Elder Parole Program). Assembly Bill 2542 "applies only prospectively in cases in which judgment has not been entered prior to January 1, 2021." (§ 745, subd. (j).) It does not apply to Jackson's 1997 conviction. Assembly Bill 3234 does not apply to persons sentenced under the Three Strikes law. (§ 3055, subd. (g).) Jackson was sentenced under the Three Strikes law.

4

We have reviewed the entire record and are satisfied that no arguable issue exists.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441–443; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.